ANTAR LAW FIRM, PLLC
*Attorneys for the Plaintiff*
Solomon E. Antar, Esq. (SEA 7804)
26 Court Street, Suite 1200
Brooklyn, NY 11242
Tel. 718-769-3200
*solomon@antarlawfirm.com*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL - 3 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRIPLENET PRICING, INC.,

Plaintiff,

Vs.

INGERSOLL-RAND PUBLIC LIMITED COMPANY,

Defendants.

Civil Action File No. **CV19-3861**

COMPLAINT AND JURY DEMAND

FEUERSTEIN, J.

LINDSAY, M.J.

Plaintiff. Triplenet Pricing, Inc, ("Triplenet" or "Plaintiff"), by and through its counsel, the Antar Law Firm, PLLC, as and for its Complaint against Defendant Ingersoll-Rand Public Limited Company ("Ingersoll-Rand," or the "Defendant") respectfully shows to the court and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et. seq., and for substantial and related claims of tortious interference with contract, intentional interference with prospective

1

economic advantage, and deceptive and unfair trade practices, under the statutory and common laws of the State of New York.

2. This action arises out of a substantial, immediate and real controversy between the parties based on threats that Defendant has made against Triplenet and its customers regarding Defendant's trademark and state common law rights relative to the sales of its products by Triplenet.

3. While internet sales have been growing at an exponential pace, thereby creating an entirely new worldwide marketplace and, thus, leading to exceptionally robust competition whereby sellers are able to sell their products directly to the public in a manner that has never been known before, many resellers – including the plaintiff herein -- have been threatened with legal action by manufacturers seeking to crush and eliminate the competition and third-party sales by claiming that the resellers are either not "authorized distributors" of their products or that the products sold are counterfeit.

4. In the instant case, in a bad faith attempt to stifle legitimate competition, and to prevent the sales of its products by anyone other than its own selected dealers, the Defendant has threatened to sue Triplenet for infringement falsely claiming that

2

it has engaged in the sales of counterfeit products through its online Amazon storefront. Defendant's threats have accordingly caused significant harm to Triplenet as it is now faced with a total shut down of its internet business by Amazon. This declaratory judgment action is required because Defendant's threats and interference with Plaintiff's business as hereinafter described should be enjoined by order of this court.

## THE PARTIES

5. Plaintiff Triplenet is a corporation organized under the laws of the State of Delaware having a principal place of business in the City of Wilmington, County of New Castle, and State of Delaware.

6. Upon information and belief, Defendant is a foreign limited liability public company under the laws of the state of New Jersey, and is registered as a foreign entity under the laws of the state of New York with a place of business located at 245 Newtown Rd Suite 500A, Plainview, NY 11803.

## JURISDICTION AND VENUE

7. This action seeks a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§

2201 and 2202 and also encompasses 15 U.S.C. 1114, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201, 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8. The Court has personal jurisdiction over the Defendant since, as hereinafter described, it distributes, promotes and/or sells its products in the state of New York, either directly or via one or more agents or authorized distributors located within this district.

9. Defendant as a foreign entity is further subject to the longarm jurisdiction of New York pursuant to the provisions of §302 of the Civil Practice Law and Rules, more particularly, in that it:

(a) transacts any business within the state or contracts anywhere to supply goods or services in the state;

(b) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, and

(c) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce

10. Defendant has and still manufactures and/ or distributes various power tools, compressors, industrial equipment and related accessories that are for sale throughout the United States and within the state of New York.

11. That, as hereinafter alleged, Defendant conducts business through its various agents and "authorized distributors" and maintains a place of business in Plainview, New York.

12. That, heretofore, Ingersoll-Rand, registered with the NYS Department of State as a foreign entity of New Jersey, and qualified to do business in New York State.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiff is a Delaware corporation. Defendant is a New Jersey limited liability public company; the latter being qualified to do business in the state of New York. Ingersoll-Rand sells directly to its dealers and authorized distributors who are also within this district and/or because a substantial part of the events or acts giving rise to Plaintiff's claims also occur in this judicial district.

## FACTS

14. Plaintiff is a corporation, organized and doing business in the state of Delaware, its principal offices being in the City of Wilmington, County of New Castle, State of Delaware.

15. Upon information and belief, Defendant is a limited liability public company doing business under the laws of the state of New Jersey, with its principal place of business located in Stuben County, New Jersey.

16. Defendant transacts business within this district in the state of New York, by and through its agents and authorized distributors.

17. The Defendant's business consists of, amongst other things, the manufacture and distribution of various power tools, accessories and related products on both a national and international level.

18. The Plaintiff is a reseller and a distributor to the trade, the public and others of various products including, but not limited to, cell phone accessories and related products, but is not an "authorized distributor" of the Defendant.

19. Plaintiff's means of distribution include sales over the internet through various third-party websites generally known as storefronts such as are maintained on Amazon.com whereby products are advertised and sold to the public on a national and internal basis.

20. That Plaintiff is not an "authorized distributor" of the Defendant, nor does it have any agreements with it for the sale of its products or advertise itself as such, but it is totally independent of the Defendant.

21. That one of Plaintiff's main sources of business is its distribution and sales over the internet through its Amazon storefront whereby it advertises various products for sale to the public, including products that are manufactured and/or distributed by the Defendant.

22. The products of various manufacturers that are offered for sale by Plaintiff are all original manufacturers equipment, bearing Defendant's registered trademarks, in sealed and unopened packaging; and, where applicable, containing the manufacturers original instructions, warranties, and serial numbers.

23. On or about June 3, 2019, Plaintiff received various notices from Amazon through which it sells its products that Defendant, has registered a complaint alleging Plaintiff to be advertising and selling Defendant's goods that are claimed to be counterfeit. The notice advises that unless Plaintiff takes immediate action to have the complaint withdrawn and to discontinue its advertising and/or sales of Defendant's products, Plaintiff's Amazon storefront will be shut down and terminated whereby, in such case, Plaintiff will sustain serious and lasting financial injury to its business.

24. That, Plaintiff's communications and requests to Defendant to withdraw its complaint have been ignored and totally unanswered.

25. That the Plaintiff is protected by the First Sale Doctrine which protects the right to resell genuine goods, and that the resale of genuine trademarked goods, even if not authorized, does not constitute trademark infringement insofar subject goods are in the same condition as the branded goods when they were first sold (see *Sebastian International, Inc., v. Longs Drug Stores Corporation*, 53 F.3d 1073, U.S.C.A, 9th Cir. (1995), (codified in 17 U.S.C. 109 of the Copyright Act).

26. That Defendant's goods sold by Plaintiff are neither materially different from the goods sold by Defendants nor do they cause confusion amongst the purchasing public.

27. As a result of the foregoing, unless Plaintiff obtains a Declaratory Judgment that it has the right to resell Defendant's original manufacturer's equipment, bearing Defendant's registered trademarks, in unopened packaging, and, where applicable, containing the manufacturers original instructions, warranties, and serial numbers, and that such sales are not in violation of the Trademark Laws, but protected by the First Sale Doctrine, plaintiff stands to sustain irreparable financial injury to its business.

**COUNT I**
**(Declaration that Triplenet Does Not Infringe Defendant's Trademark)**

28. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 27, inclusive.

29. There can be no likelihood of consumer confusion between the sale by plaintiff of Defendant's product and the sale of the same product by the Defendants.

30. The Court should, thus, declare that Triplenet has not infringed Defendant's alleged trade mark rights because Plaintiff is protected by the First Sale Doctrine and there is no likelihood of consumer confusion.

## COUNT II
### (Tortious Interference With Contract)

31. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 30, inclusive.

32. Triplenet has entered into a contractual relationship with website operators such as Amazon to sell various products to the consuming public.

33. Defendant is and was aware of Triplenet's contractual relationships and Triplenet's expectation of continued performance under their agreements.

34. Defendant has unjustifiably, and with malice, interfered with Triplenet's relationship with whom it maintains its internet storefronts by, amongst other things, sending notice letters to its internet carriers with a frivolous charge of allegedly dealing in and offering counterfeit goods for sale.

35. These letters have caused at least some of Triplenet's customers to immediately stop the sale of its products and demand that Triplenet take back the merchandise and issue refunds to the purchasers. As a result of Defendants' wrongful conduct, Triplenet has been damaged.

36. The actions of Defendant is willful and malicious and without regard to Triplenet's rights.

## COUNT III
### (Intentional Interference with Prospective Economic Advantage)

37. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 36, inclusive.

38. As stated above, Triplenet has entered business relationships with website operators including Amazon to sell various products to the consuming public.

39. Defendant sent notice letters to Plaintiff's website operators with a frivolous charge of Plaintiff dealing in counterfeit merchandise.

40. The unfair representations were made by Defendant for the sole purpose of harming Triplenet's relationship with its website operators and to discourage them from permitting it to maintain a storefront presence for the sale of goods to its customers. Further, Amazon, in view of having received notice letters regarding these false complaints against Triplenet, is threatening to shut down its storefront business and to ban it from its website.

41. The unfair representations interfered with the business relationship between Triplenet and its relationship with Amazon.

## COUNT IV
### (Deceptive and Unfair Trade Practices Under § 349 of the N.Y. General Business Law.)

42. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 41, inclusive.

43. Triplenet alleges that Defendant has and is currently engaged in deceptive and unfair trade practices under § 349 of the N.Y. General Business Law.

44. As described above, Defendant has engaged in unfair trade practices by falsely alleging to Amazon Triplenet's trademark infringement of its products and

trademark, and claiming that Triplenet is dealing in counterfeit products. These allegations were made in order to intentionally interfere with Triplenet's sales of the Defendant's products.

45. Defendant has engaged in false and misleading representations and omissions of material fact to Triplenet's customers and has engaged in deceptive conduct designed to intentionally interfere with Triplenet's market with its customers and sales of at least the Defendant's products.

46. Defendant's false and misleading representations and deceptive conduct are material in that they have caused and are likely to cause prospective consumers of Triplenet to discontinue their business with it for fear of purchasing counterfeit products and possibly being subject to lability as a result thereof.

47. Defendant has disparaged the goods and services and business reputation of Triplenet through false and misleading representations of material fact by falsely claiming it is selling counterfeit products in violation of New York's Deceptive and Unfair Trade Practices Act, Sections § 349 of the N.Y. General Business Law.

48. This materially deceptive conduct affected the consumer's choice of products available through Triplenet in the market for fear of purchasing products that are not genuine but, instead, knockoffs and counterfeit.

49. Defendant's acts are both willful and malicious.

50. As a direct and proximate result of such misleading and deceptive conduct, Triplenet as well as consumers, have sustained and are likely to continue to sustain damages in terms of loss of reputation, customers, and sales in an amount not yet subject to determination.

WHEREFORE, Plaintiff Triplenet respectfully requests that this Court enter judgment in favor of Plaintiff Triplenet and against the Defendant, and issue an Order:

A. Declaring that Triplenet has been injured by Defendant's allegations in their complaints made to Amazon;

B. Declaring that Triplenet's sales of Defendant's genuine and authentic product is protected under the First Sale Doctrine and does not infringe upon Defendant's registered trademarks;

C. Declaring that the Triplenet does not infringe the Defendant's trademark(s);

D. A permanent injunction enjoining Defendant from ascribing to Triplenet and its customers that Triplenet's sales of the Defendant's products do not constitute an infringement of Defendant's trademark rights;

E. A permanent injunction enjoining Defendant from pursuing trademark infringement claims against Triplenet's sales of Defendant's authentic and genuine products;

F. Defendant be required to pay Triplenet's costs of this action and any damages which Triplenet sustained as a result of Defendant's willful deceptive acts and unfair trade practices, tortious interference with contract and intentional interference with prospective economic advantage; and

G. Plaintiff be granted such other and further relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff demands a jury trial.

Dated: Brooklyn, NY
June 28, 2019

Respectfully submitted,

ANTAR LAW FIRM, PLLC
*Attorney for the Plaintiff*
By, _____
SOLOMON E. ANTAR, ESQ. (SEA 7804)